UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PRO VIDEO INSTRUMENTS, LLC,

                Plaintiff,
  v.                                      1:19-MC-52
                                              (LEK/DJS)

TOWER PRODUCTS, INC.,

                Defendant.

---

**APPEARANCES:**                              **OF COUNSEL:**

WATSON LLP                              COLEMAN W. WATSON, ESQ.
Attorney for Plaintiff
P.O. Box 3586
Orlando, Florida 32802

HESLIN, ROTHENBERG, FARLEY      NICHOLAS MESITI, ESQ.
& MESITI P.C.                        THOMAS L. SICA, ESQ.
Attorney for Defendant
5 Columbia Circle
Albany, New York 12203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

Plaintiff Pro Video Instruments commenced this action to enforce a subpoena that had been served upon Defendant seeking information relevant to litigation Plaintiff had commenced in United States District Court in the Middle District of Florida. Dkt. No. 1 at p. 2. Plaintiff served Defendant with a subpoena to which Defendant objected. *Id.* at pp. 2-3. Plaintiff then commenced this proceeding, pursuant to Federal Rules of Civil Procedure 37 and 45 to enforce the subpoena. *Id.*

Throughout its papers in support of the application, Pro Video makes clear that the records were being sought in aid of the Florida litigation. For example, it notes several times that the material would assist it in meeting its burden of proof in that litigation as to damages. *See*, *e.g.*, *id.* at p. 7 (documents being sought so that Pro Video "can prove damages at trial" & "requested documents are highly relevant to one of the primary burdens [Plaintiff] has - to prove damages"). Defendant has now advised the Court that summary judgment has been granted in the Florida action and Plaintiff's action has been dismissed. Dkt. No. 11; *see also Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 6:18-CV-1823 (M.D. Fla.), Dkt. No. 171 (Judgment dismissing action). In light of that decision, Defendant here seeks dismissal of this action. Dkt. No. 11 at pp. 1-2. The Court directed Plaintiff to respond to Defendant's request by May 15, 2020, Dkt. No. 12, but Plaintiff did not do so.

Here, given that the Motion was predicated upon Pro Video's purported need for documents in support of litigation that has now been dismissed, the Motion appears to be moot. *Lopez Contractors, Inc. v. F&M Bank Allegiance*, 90 Fed. Appx. 549, 550 (D.C. Cir. 2004) ("As the underlying action has been decided against the appellants, this collateral discovery dispute is now moot."). Despite being afforded the opportunity to articulate a basis for not dismissing this action in light of the Florida decision, Plaintiff has not done so. The Court, therefore, recommends that this matter be dismissed as moot.[1]

---

[1] Defendant also makes a general request that it be granted attorneys' fees and costs. Dkt. No. 11 at p. 2. The Court recommends that this request be denied.

**ACCORDINGLY**, for the reasons stated herein, it is

**RECOMMENDED**, that the Motion to Enforce a Subpoena be **DENIED** as moot and the action be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   May 21, 2020
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge